IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ELBERT MULDROW                                                                                                       PLAINTIFF

        v.                 Civil No. 4:07-cv-04062

OFFICER/CHEF RUSTY GREEN,
Miller County Sheriff's Department                                          DEFENDANT

## **ORDER**

Plaintiff has filed the following motions: (1) a motion to amend his complaint and submit an affidavit (Doc. 10); (2) a motion for directed verdict and for contempt (Doc. 13); and (3) a motion to supplement the complaint and submit affidavits (Doc. 15).

In the motion to amend his complaint (Doc. 10), Plaintiff seeks to specify that he is seeking both compensatory and punitive damages. He also indicates the amount of each type of damages he is seeking from the Defendant. Finally, he seeks to submit the affidavit of Perry Harris, who witnessed the alleged constitutional violation at issue in this case. The motion to amend is granted in part and denied in part. Specifically, to the extent Plaintiff seeks to amend his complaint to specify the type of, and amount of, damages he is seeking the motion to amend (Doc. 13) is granted. **The clerk is directed to file the first page of the motion to amend as the Plaintiff's amended complaint.**

Plaintiff is denied permission to file the affidavit of Perry Harris. The proper time to submit evidentiary material in support of his claim is in connection with a dispositive motion such as a summary judgment motion, or response to a summary judgment motion, or at a trial.

In his motion for directed verdict and contempt of court (Doc. 13), Plaintiff states that on September 6, 2007, the court ordered Defendant to respond to the complaint in twenty days. Defendant filed a response (Doc. 14) pointing out he was not served until September 25th and answered on

September 28th.  He contends his answer was therefore timely.

Defendant is correct.  On September 6, 2007, an order was entered directing service of the complaint on the Defendant (Doc. 9).  Defendant was ordered to answer within twenty days **from the date of service.**  The twenty days does not run from the date the order or service is entered but from the date the Defendant is actually served by the United States Marshal Service.  Defendant filed his answer within three days of being served with the complaint.  His answer was therefore timely.  Plaintiff's motion for directed verdict and contempt of court (Doc. 13) is denied.

Plaintiff also filed a motion to supplement the complaint and submit affidavits (Doc. 15).  In this motion he asks to supplement his complaint by filing the affidavits of Tracy Delese and Herman Sitzes.  The motion (Doc. 15) is denied.  The proper time to submit evidentiary material in support of his claim is in connection with a dispositive motion such as a summary judgment motion, or response to a summary judgment motion, or at a trial.

IT IS SO ORDERED this 16th day of October 2007.

/s/ Barry A. Bryant
BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE