IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ELBERT MULDROW                                              PLAINTIFF

v.                        Civil No. 4:07-cv-4062

RUSTY GREEN                                              DEFENDANT

**MEMORANDUM OPINION**

       Plaintiff, ELBERT MULDROW, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2007. He proceeds *pro se* and *in forma pauperis.* The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 16).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Discussion**

       On or about December 11, 2007, Defendant propounded written discovery requests to the Plaintiff. Plaintiff did not respond. On February 22, 2008, Defendant, by letter, requested that Plaintiff respond to the discovery requests. Plaintiff again failed to respond. On March 12, 2008, Defendant filed a motion to compel discovery. (Doc. No. 29). The Court granted this motion and ordered the Plaintiff to respond to the discovery requests on or before April 14, 2008. (Doc. No. 30). In the Order to Compel the Court stated: "**If Plaintiff fails to provide Defendant with the required discovery responses, Defendant should notify the court by filing a motion to dismiss.**" Plaintiff did not respond to the Order to Compel or to the requested discovery. Defendant has now

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

filed a Motion to Dismiss and seeks dismissal of the complaint for Plaintiff's failure to prosecute and failure to comply with court orders. (Doc. No. 31). The Plaintiff has failed to respond to the Motion to Dismiss.

A court may dismiss an action if the "plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). In this case, the Plaintiff has failed to comply with the rules regarding discovery, he has failed to prosecute his claim, and he has failed to comply with an Order of this Court directing him to comply with the rules. Plaintiff has also failed to comply even though he was warned in the Order to Compel that his case could be dismissed if he did not respond. *See First Gen. Res. Co. v. Elton Leather Corp.,* 958 F.2d 204, 206 (8th Cir. 1992) (per curiam) (holding that dismissal pursuant to FED. R. CIV. P. 41(b) was proper after the court warned the party of the consequence for failing to engage in discovery). This case should be dismissed pursuant to FED. R. CIV. P. 41(b) with prejudice to refiling. *See Aziz v. Wright,* 34 F.3d 587, 588-89 (8th Cir. 1994) (affirming the district court's dismissal of a 42 U.S.C. § 1983 action where the plaintiff willfully failed to comply with a discovery order).

**2. Conclusion:**

Based on the foregoing, the undersigned finds that the Plaintiff has failed to prosecute this action and has failed to comply with an Order of the Court and that his complaint should be dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

DATED this **2nd day of June 2008.**

                                         /s/ Barry A. Bryant
                                         BARRY A. BRYANT
                                         UNITED STATES MAGISTRATE JUDGE